IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAN COFFMAN #788247 | § | |
| v. | § | CIVIL ACTION NO. 6:18cv186 |
| ERNEST TSALI, ET AL. | § | |

MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Plaintiff Dan Coffman, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit was referred to the United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the lawsuit should be dismissed as barred by the three-strikes provision in 28 U.S.C. §1915(g). This statute prohibits prisoners who have previously filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim from proceeding under the *in forma pauperis* statute unless the prisoner shows that he is in imminent danger of serious physical injury as of the date of the filing of the lawsuit. *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Claims of past danger are not sufficient. *Id.; see also Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001).

The Magistrate Judge concluded that the Plaintiff had previously filed at least three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim and that the Plaintiff failed to show that he was in imminent danger of serious physical injury as of the date of the filing of the lawsuit. Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b).

In his objections, Plaintiff argues for the first time that unnamed staff members "keep refusing to help me when I tell them that I am having serious medical problems and telling me to cut myself just for me to receive some medical treatment." After filing his objections, he also filed motions complaining that he is being denied recreation, he suffered dehydration in his cell on June 22 and 23, 2018 (apparently because he believes the water is contaminated in some unspecified way), and he intentionally cut his own arm seven or eight times on July 22, 2018.

The burden is upon the plaintiff to show that he is in imminent danger of serious physical injury at the time of the filing of the complaint through specific facts rather than conclusory allegations. *Crane v. Hatton*, civil action no. 5:06cv6910, 2009 U.S. Dist. LEXIS 87601, 2009 WL 3112077 (N.D.Cal., September 23, 2009) (noting that "plaintiff has the burden of proving that he is in imminent danger of serious physical injury.") The Fifth Circuit has held that in order to invoke the exception to §1915(g), a claim of imminent danger must relate to the allegations of the complaint. *Judd v. Federal Election Commission*, 311 F.App'x 730, 2009 U.S. App. LEXIS 3464, 2009 WL 423966 (5th Cir., February 20, 2009) (allegation that prisoner was in imminent danger as a result of his medical condition and from other prisoners did not relate to the claims forming the basis of his lawsuit and thus did not invoke the exception to §1915(g)); *see Kidd v. Livingston*, civil action no. 9:15cv126, 2017 U.S. Dist. LEXIS 220991, 2017 WL 9478405 (E.D.Tex., August 18, 2017), *Report adopted at* 2018 U.S. Dist. LEXIS 87647, 2018 WL 2387953 (E.D.Tex., May 24, 2018) (claim that prisoner is "harassed and threatened day and night" by inmates and staff was insufficient to establish imminent danger).

The issues raised for the first time in Plaintiff's objections are not properly before the district court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001). Even if these were properly before the court, Plaintiff has failed to satisfy the imminent danger exception of §1915(g). His allegations of danger are vague and conclusory and fail to demonstrate any connection with the incidents forming the basis of the underlying claim. *See Abdul-Akbar*, 239 F.3d at 315 (allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing

harassment, plots to hurt or kill him, and other forms of retaliation," did not sufficiently allege imminent danger). Plaintiff failed to carry his burden of showing imminent danger and his objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's application for leave to proceed *in forma pauperis* is **DENIED** and the above-styled civil action is **DISMISSED** with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $400.00 filing fee. It is further

**ORDERED** that should Plaintiff pay the full $400.00 filing fee within 15 days after the date of entry of this order, he shall be allowed to proceed in the lawsuit as though the full fee had been paid from the outset. All motions not previously ruled on are hereby **DENIED**.

**SIGNED** this the **19** day of **September, 2018.**

Thad Heartfield
United States District Judge

3